The opinion of the Court was delivered by
Glover, J.
The retailing which is alleged in the indictment,
and admitted by the defendant, is justified on the ground, that he is a tavern keeper under a license granted by the Town Council of Columbia. The Act of 1849 (11 Stat., 557) directs *520 that “no license shall be granted for the sale of spirituous liquors in quantities less than one quart, or which shall authorize the drinking of such liquors at thé place where sold, except to tavern keepers.” The 4th section of the Act provides, “ That every licensed tavern keeper shah have and keep in his or her house, so licensed, at least two good feather beds or mattresses for guests, with good and sufficient bed-clothes for the same, and provide and keep good, wholesome and sufficient diet for tra-vellers, and stabling and provender for four horses, more than his or her own stock, upon pain of forfeiting his license and recognizance, and being subject to the like penalties as for selling without license.”
No licensed retailer, who did not keep a tavern, could sell spirituous liquors in quantities less than a quart, before the passage of thiá Act, which requires a tavern keeper who obtains a license to retail, to provide food and lodging for his guests, under a penalty, and imposes upon him the duties of an inn keeper. A tavern, under this Act, is not only “ a place where wine is sold, and drinkers are entertained,” but also where provision is made “for the receipt, relief and lodging of way-faring people.”
As a condition precedent to the granting of his license, the tavern keeper is required to procure a certificate, showing that he has complied with the requisitions of the Act; and if he shall afterwards fail to “have and keep” the articles specified, and needful for the entertainment of travellers, he forfeits his license and recognizance, and is subject to the like penalties as for selling without license. The intention of the Legislature appears manifestly to have been to withdraw the privilege of retailing, where the tavern keeper shall have neglected or refused to provide the accommodations for travellers to the extent demanded by the Act, and to subject him to the penalties of retailing without a license. This interpretation of the Act is not controverted; but it is objected that the indictment should set out the offence in the words of the 4th section. It is generally sufficient to state such facts as constitute the defendant’s guilt, and bring the case within" the provisions of the statute. The *521 Act declares that upon a non-performance of the condition prescribed, a tavern keeper shall be subject to the like penalties as for selling without license; and the offence charged in this indictment is for retailing without license. Nothing is taken- by intendment, and it appears that the defendant is brought within all the material words necessary to define the accusation. When he accepted the license, it was on the express condition, that if he failed to supply what the Act required for the entertainment of his guests, he would continue to retail subject to all the penalties which are incurred by those who retail without a license. The charge is not that he has neither bed nor board, because that is not an indictable offence; but that he retails under a void license, and this can be shown by evidence, as well as a retailing under a forged license. It cannot, therefore, be pretended that for the want of reasonable certainty in the description of the offence, the defendant was unable to traverse what is alleged. His non-performance of the condition under which his license was granted, is matter of evidence to which he was permitted to reply. Nor does it appear, as was insisted in argument, that on a second charge the defendant may be convicted for the same offence. Another indictment preferred against him for retailing without a license within the time specified could be sustained only on the ground that he had no license, or that it had become void, by his non-compliance with the terms prescribed by the Act. In either case, the charge is the same, and the defence depends on the validity of the license. It is not perceived, therefore, why this conviction might not be pleaded in a subsequent prosecution for acts of retailing within the same period.
The Court feels no embarrassment in pronouncing sentence upon this verdict. The specific offence established by the evidence is charged in the indictment, and the penalty for retailing without a license, whether for want of a license, or on account of a void license, is fixed by law.
It has been suggested, that the 4th section of the Act creates a forfeiture, and that there must first be judgment of forfeiture, because a forfeiture of goods and chattels at the *522 common law relates to the time of conviction. The word “ forfeiture ” used in that section, was not intended to convey the technical meaning, which a forfeiture of goods and chattels? for crimes, imports. From the language employed, it is plain, that the Legislature intended the license to be null and void, whenever the tavern keeper failed to perform the condition on which it was granted. In the same connexion the recognizance is also declared to be forfeited; and surely it will not be insisted that a technical forfeiture was intended. On a breach of the recognizance, verified by affidavit, a scire facias is directed to be issued to estreat it; and when the license becomes void by a breach of the condition, the proper remedy is by indictment for retailing without a license. In the case of Heise vs. The Town Council of Columbia, (6 Rich., 404,) referred to by the appellant’s counsel, it was decided that the corporation had no jurisdiction to adjudge a forfeiture, nor impose conditions in granting licenses to retail, not authorized by the Act of 1849.
The decision is placed on the ground that no such power was delegated by the Act of incorporation, and it is admitted by the Judge who delivered the opinion, that “ Acts of the Legislature regulate the sales of such as may take out a license, the term and the price of the license, and the condition on which it may be granted.”
The motion is dismissed.
O’INeall, Withers and Whitner, JJ., concurred.